THOMAS *vs.* DICKINSON.

In an action upon a parol agreement between the plaintiff and defendant, by which the former promised to transfer to the latter a farm, and the defendant in exchange therefor, was to pay to the plaintiff a sum of money, and transfer to him an obligation to be given by C. to the defendant for the purchase money of real estate, for a specified sum, it is not erroneous for the judge to charge the jury that if the contract between the parties was that the plaintiff was to take the obligation which C. was to give to the defendant, then it became the duty of the defendant, as part of the contract, to procure the obligation, and deliver it in payment; and that, not having done so, he had failed to perform, on his part, and the action might be maintained, to recover the amount of the obligation

The construction of the contract belonged to the court, and its legal effect was correctly stated in the charge.

The agreement by the defendant, to turn out the obligation of C., necessarily involved an undertaking by him to procure it.

The contract between the parties, being made on the assumption that the obligation would be given by C., the law cast upon the defendant the risk of a default by C.

And the defendant having failed to perform that part of the agreement, in consequence of the refusal of C. to give the obligation; *Held* that the rule of damages was the value of the debt or obligation which was agreed to be transferred to the plaintiff; and that the value of that debt or obligation was *prima facie*, the amount of it.

MOTION for a new trial, on exceptions taken upon the second trial of the action at the circuit. The cause was before this court on a former occasion, upon a similar motion, after the first trial. The court then refused to grant a new trial. (*See* 14 *Barb.* 90, where the facts are stated.) On appeal to the court of appeals that judgment was reversed, and a new trial granted. (*See* 2 *Kernan*, 364.) The second trial was had at the Steuben circuit, in May, 1855, before Justice JOHNSON, and a jury. The evidence was substantially the same as on the former trial. At the close of the testimony the judge charged the jury that the principal question in the case was whether the agreement between the plaintiff and the defendant was that the plaintiff was to take in exchange for his farm, as part payment from the defendant, the debt, or the obligation which Campbell was to give the defendant to secure the payment of the

purchase money of the carding machine property, or whether he was to take the carding machine property and this debt as an incident. If the agreement was that the plaintiff was to take the debt, or the obligation of Campbell, then it became the duty of the defendant, as a part of the contract, to procure the obligation and deliver it in payment; and not having done so, that he had failed to perform on his part, and the action might be maintained to recover the amount of the obligation; to which part of the said charge, the counsel for the defendant excepted. The justice further charged the jury, "that if the agreement was that the defendant was to give the plaintiff, or transfer to him, not the carding machine property, but a demand or debt, created or to be created by the purchase by Campbell from the defendant of the carding machine property, then upon such an agreement, the risk of Campbell's refusing to carry out his agreement and give the obligation to the defendant, was upon the defendant and not upon the plaintiff, and the plaintiff could not be prejudiced by Campbell's refusing to complete the purchase and give the defendant his debt, unless such refusal was by the plaintiff's interference or procurement." To which the defendant also excepted. The judge further charged the jury, that if the agreement was that the plaintiff was to take the land, or the whole of the defendant's interest in the property as it then stood, thus placing himself in the defendant's position as regards Campbell, then the plaintiff could not recover, because there was no evidence that the defendant had ever refused or declined to convey the property, either to the plaintiff or to any other person to whom the plaintiff should direct a conveyance to be made. If the plaintiff was to take the defendant's interest in this property, he was to take it subject to this imperfect agreement between the defendant and Campbell, and would have the option to carry it out or not as he might choose, and the defendant incurred no obligation whatever that Campbell should perform on his part so far as to give the security; the contract between the defendant and Campbell resting in parol at the time the trade between the plaintiff and defendant was made, was void by statute; and Campbell was under no obligation to

perform. The counsel for the defendant asked the said justice to charge the jury, " that the agreement between the defendant and Campbell, being by parol without writing, was void, and Campbell was not bound to take the property as he had agreed, and if the plaintiff knew when he agreed with the defendant that the contract between the defendant and Campbell was not in writing, unless the jury could find in the evidence that the defendant in agreeing with the plaintiff bound himself to the plaintiff that Campbell should perform his agreement so far as legally to charge him as the purchaser, then the plaintiff could not recover." The justice refused so to charge, but on the contrary thereof charged " that if the agreement was that the plaintiff should have the obligation only, the defendant was bound as matter of law to procure the obligation and deliver it to the plaintiff." To which refusal and to the charge as made, the defendant, by his counsel, excepted. The counsel for the defendant further requested the said justice to charge the jury, that " if the defendant did not so agree [as in the proposition last stated] then although the jury find that the plaintiff was to take the debt of Campbell, and the defendant was to transfer the same, no debt in fact existed, and the plaintiff cannot complain, as he knew the agreement to be void, any more than if he had agreed to take a false or fictitious security knowing it to be such." Also, " that although the defendant represented that Campbell was to secure the purchase money by mortgage, he at the same time stating the agreement showing it to be void, and at Campbell's option to take it or not, if Campbell refused without the defendant's fault to carry out his agreement, yet the defendant cannot be charged in this action, unless by the evidence it appears that Dickinson guaranteed Campbell's performance ; otherwise there was no debt of Campbell's existing that could be transferred." The judge refused so to charge, to which refusal the defendant excepted. The jury rendered their verdict in favor of the plaintiff against the defendant, for $1117.28 damages.

*W. Barnes,* for the plaintiff.

*W. Irvine,* for the defendant.

*By the Court,* T. R. STRONG, J.   The position, that the plaintiff is not entitled to recover under a declaration in assumpsit containing only the common counts, because the proof showed a special contract between the parties subsisting, and in full force, is fully answered by the decision of this court on a former occasion, and also by the decision of the court of appeals in this case.   In this court, it was held, that the special contract was void by the statute of frauds; that the plaintiff having transferred his property to the defendant under a contract as to payment which was void but not illegal, if the defendant has failed to perform the contract, and is in default, the law implies a promise on his part to pay the plaintiff the balance of the value of the property unpaid, and that the proper and only remedy of the plaintiff was that which he had selected.   In the court of appeals, the common counts were held to be appropriate, upon the well settled and familiar doctrine, that a party may recover under the common counts in assumpsit, the stipulated price due on a special contract not under seal, when such contract has been executed.   That ground is sufficient, if the doctrine applies to cases where by the contract the mode of payment was to be special—in something else than money—as well as to those where the payment was to be in money; as to which some doubt has been entertained.   (*See Underhill* v. *Pomeroy,* 2 *Hill,* 603; *S. C. in error,* 7 *id.* 388.)   It is not material in this case, which court has presented the sound and proper basis for the decisions; the decision of the latter court is all that is important.

There was not, I think, any error in the instruction to the jury, in substance, that if the contract between the parties was, that the plaintiff was to take the obligation which Campbell was to give the defendant for the carding machine property, then it became the duty of the defendant, as part of the contract, to procure the obligation and deliver it in payment; and, not having done so, he has failed to perform on his part, and the

Thomas *v.* Dickinson.

action might be maintained to recover the amount of the obligation. The construction of the contract belonged to the court, and the legal effect of the contract, if it was as stated, and as the jury have found, was, in my opinion, correctly stated in the instruction. Although Campbell was not bound to take the property of the defendant and give the mortgage, by reason of his agreement with the defendant being verbal, and consequently void by the statute of frauds, which fact was probably known to the plaintiff when the contract between him and the defendant was entered into, it was nevertheless expected by both parties that Campbell would perform on his part and give the mortgage ; and entertaining that expectation, the defendant was willing to agree to turn out the debt against Campbell, which necessarily involved an undertaking by him to procure it. The contract in question was made on the assumption that the mortgage would be given by Campbell, and the law cast the risk of a default by Campbell on the defendant. It is plain from the terms of the contract, that the parties understood the defendant was to procure the mortgage and transfer it to the plaintiff; the plaintiff was to take the obligation—not the land with the agreement to give a mortgage—but the obligation to be created by a consummation of the agreement between Campbell and the defendant. If it had been the understanding that the plaintiff was to take the defendant's place in respect to the land and the agreement with Campbell, it would have been expressed in very different language. The fair construction of the contract in question being as stated, the failure of the defendant to perform it is clear; Campbell having refused to give the mortgage. And the rule of damages, as settled by the court of appeals, is the value of the debt which was to be transferred to the plaintiff. And the value of that debt was *prima facie* the amount of it.

It was not a question in the case, whether by the terms of the contract between the parties the defendant undertook and agreed that he would be responsible that Campbell should go on and complete his purchase of the carding machine property. The plaintiff did not pretend, and there was no evidence tending to prove, that the contract contained such terms : he relied

solely upon the contract as found by the jury, and the legal obligation arising therefrom, on the defendant, to procure and transfer to him the debt against Campbell.

I think the charge, and the several refusals to charge, were correct, and that a new trial should be denied.

[MONROE GENERAL TERM, December 1, 1856.  T. R. Strong, Welles and Smith, Justices.]