### Caroline A. Cook v. William P. Stevenson.

*Evidence : Representatives of deceased person : Matters equally within the knowledge of the deceased.* In this case, which is an action by an administratrix upon an oral contract for the sale by her decedent to the defendant of a stock of goods, an offer to prove by the testimony of defendant that the contract differed from that set up in the declaration, and from a written statement of it which defendant had given to the plaintiff, is held open to objection under the statute (*Comp. L. 1871*, § *5968*) prohibiting the opposite party in suits prosecuted or defended by the representatives of a deceased person, from testifying in his own behalf in relation to matters which if true must have been equally within the knowledge of such deceased person.

COOK *v.* STEVENSON.

*Letters of administration : Regularity of appointment : Collateral attack.* In such an action an objection to the admission in evidence of the letters of administration, that no such facts and circumstances were shown to the probate court as authorized the appointment of the plaintiff as special administratrix, is held untenable; the regularity of the appointment was not open to inquiry on the trial of such an issue.

*Order permitting administratrix to prosecute : Irregularities : Collateral attack.* Objections to the admission in evidence in such an action, of the order of the probate court permitting the plaintiff to prosecute the suit, on grounds of irregularity in the probate proceedings, are not tenable.

*Referees : Report : Immaterial statements.* The statement in the report of a referee that he is unable to find upon certain suggested questions of fact is not subject to exception where it does not appear that a finding on such questions was essential, or that there was evidence before the referee on which such a finding was practicable.

*Sales on credit with securities : Refusal to give securities : Reasonable time.* In this action, upon a contract for the sale of a stock of goods partly for cash and partly on credit to be secured by chattel and real estate mortgages, where it is shown that after complete present delivery of the goods, and performance in full by the vendor, the vendee has neglected or refused on demand to give the agreed securities, the objection to the vendor's right of action that the vendee was entitled to a reasonable time within which to perform his part of the agreement, which has not been allowed him, is held untenable.

*Sales on credit with securities: Refusal to execute securities : Damages.* In an action by the vendor for the breach by the vendee of such a contract, it is not an erroneous rule of damages to permit a recovery for the whole amount of the purchase price remaining unpaid.

*Submitted on briefs July 23. Decided October*

Case made from Kent Circuit.

*Joslin & Kennedy,* for plaintiff.

*G. Chase Godwin* and *Norris, Blair & Kingsley,* for defendant.

GRAVES, CH. J.

This is a case made after judgment. The suit was commenced by attachment. The declaration embraced, with the common counts, some which set up a special agreement. In these last were alleged the terms of a sale in August, 1869, by decedent to defendant, of a stock of groceries and merchandise, and other things, with the business and good will of decedent, for four thousand eight hundred dollars. As stated in the record, the terms and particulars of the arrangement were special and peculiar;

but we do not conceive it needful to reproduce all the details here. So far as requisite, they may be alluded to hereafter. The plaintiff was described in the declaration as administratrix, and she counted against the defendant in that character. The defendant pleaded the general issue, and gave notice that he would prove that a contract was made with decedent, which was substantially set forth in the first count of the declaration, and that he would prove that he had performed it, and was always ready in all things to perform it according to its terms, and that no breach had been made on his part.

The court referred the case to a referee, who found in favor of the plaintiff for four thousand two hundred and seventy dollars and sixty-six cents, with interest thereon from August 25, 1873, being one hundred and sixty-four dollars and forty-seven cents.

Exceptions were taken to rulings on the trial before the referee, and subsequently settled. Exceptions were also filed to the report made by the referee. But all of these exceptions were overruled in the court below, and judgment was there given pursuant to the finding. These various exceptions are set forth in the case, and we may first notice those taken on the trial before the referee. The defendant appearing as a witness in his own behalf, his counsel proposed to show by him that the contract between himself and decedent, which was verbal, differed from the contract as set up in the declaration, and differed from a written statement of it which defendant had given to the plaintiff.

This was objected to on the ground, *first*, that the defendant could not be a witness on his own behalf, to prove a fact which must have been equally within the knowledge of decedent; and, *second*, on the ground that no notice had been given that proof would be offered of an agreement differing from that averred in the declaration.

The offer was rejected. We find no error in this ruling. The circumstances given by the record leave the

ıquestion liable to the first ground of the objection. It does not appear, and there is nothing to raise, an inference, that the fact sought to be shown could have been known to any one besides decedent and defendant.

The letters of administration were admitted against an objection that no such facts and circumstances were shown to the probate court as authorized the appointment of the plaintiff as special administratrix. This objection had no force. The regularity of the appointment was not open to inquiry on the issue being tried.

The admission of the order of the probate court, permitting the plaintiff to prosecute this suit, was likewise objected to. There was no merit in this point, and it is unworthy of special comment. It is but just to the defendant's counsel to add, that these questions were rather suggested than urged.

The learned referee reported that he was unable to find what occurred at a particular interview which took place after the death of Mr. Cook, between the defendant and Joseph Cook and Mr. Joslin, who were then acting for the widow. It does not appear that a finding on this subject was essential. Neither does it appear that there was evidence on which a finding of the sort mentioned was practicable. It is quite plain that the referee could not find affirmatively what occurred, unless the evidence, when rightly construed, showed or tended to show it. The evidence is not before us.

The referee found substantially that on the 25th of August, 1873, the defendant entered into an entire contract with decedent, which involved a present completed transfer and conveyance from decedent to defendant, of the decedent's mercantile establishment, certain personal chattels, a policy of insurance, and a lease; that defendant, in consideration of the transfer and arrangement, agreed to pay four thousand eight hundred dollars; that the transaction, so far as the bargain was concerned, was verbal, except that the policy and lease were assigned in writing; that the

defendant was to pay down five hundred dollars, and one thousand dollars in ninety days, and one thousand dollars more in six months, with interest on each installment, and to secure these deferred payments by chattel mortgage on the property purchased; that the defendant was also to pay the residue, being two thousand three hundred dollars, in nine months, and to secure the payment of it, with interest, by mortgage on a particular forty-acre lot owned by defendant in Indiana; that the defendant was further to pay whatever should be requsite to meet Cook's debts for merchandise, as they should become due and be presented for payment, and was to be credited on the two thousand three hundred dollars balance for what should be so paid, with interest; that the defendant should be authorized to collect merchandise demands owing to Cook, and whatever should be thus realized, it was agreed should be applied in paying Cook's indebtedness, but that payments made from that source should be treated as though made out of Cook's pocket; that immediately after the sale and delivery, and before any performance on the part of defendant, Cook was taken sick, and so continued until his death, which happened on the 12th of September, or eighteen days later; that at the time of the trial the defendant had paid on account of the entire transaction six hundred and seventy-nine dollars and thirty-four cents, but that one hundred and fifty dollars of this sum was realized from collections on the retained demands; that the defendant failed to pay four hundred and fifty dollars of the five hundred dollars which he bound himself to pay down, and wholly failed to give the agreed securities or mortgages, on any property, and wholly failed to perform his contract, or to excuse performance; that the land in Indiana agreed to be mortgaged for the two thousand three hundred dollars was not owned by the defendant, but by his wife, and that neither the decedent nor the plaintiff were aware of this fact. It would be tedious and it is quite unnecessary to repeat all the findings.

It is now objected that the defendant was entitled to reasonable time within which to perform his part of the agreement, which the other side executed at once, and that such time has not been allowed him. This objection is manifestly untenable. It amounts to an argumentative contradiction of the finding of fact. The defendant agreed to do several things *at once*. He agreed to pay five hundred dollars down, and has not paid it, and it will not be seriously contended that an agreement to pay presently is legally equivalent to an agreement to pay within a reasonable time. He likewise bound himself to *presently* furnish certain definite securities to cover the payments to be made subsequently. There was to be no delay in giving these securities. There was no thought of permitting the matter to stand at all on the mere personal responsibility of the defendant.

On the part of the decedent the agreement was fully executed, and the defendant immediately obtained every thing he contracted for. But he then failed or refused to perform on his part. Having secured the whole property through the decedent's compliance with the agreement, he would neither pay for it, nor give security.

Moreover, it appears in the case, that he was not the owner of the Indiana land, and not in a situation to give the principal security agreed on. It certainly was not the intention or expectation that he should have the property without paying for it.

There is no plausible ground, as the court think, for contending, either that the defendant did not break the contract, or that the breach was not a most substantial one.

It is next made a point that, supposing the contract to have been broken by the defendant, still the *breach* committed was not such as to authorize a recovery for the whole sum remaining unpaid.

It is true that the terms of the special agreement contemplated that payment of a portion of the consideration would be postponed, but it was an essential part of this

COOK *v.* STEVENSON.

very stipulation, that this portion of the consideration should rest during the credit on particular securities. Aside from their importance in giving greater safety to the debt, they would be something tangible in case of any wish to negotiate the avails of the property parted with. Several observations addressed to the other point, also apply to this.

The defendant obtained the property on his express promise to pay part down and give at once the designated securities, and he had only to observe his promise to secure, not only reasonable delay, but all the delay he appears to have sought. But he failed to observe it. May he now say, "It is true I got the property on the faith of my promise to pay part down and secure in a given mode the residue for the time of credit mentioned; and it is true, that I have neither paid the cash installment or the other payments, or given any security, and hence have broken my agreement; yet I am entitled to urge in my defense against a claim for the price of what I so received, the very *stipulation* which I violated, and which would have given all the credit I insist on if I had not violated it." In the very act of disregarding the contract, can the defendant insist that it binds the plaintiff? The court think not. Such a defense would certainly be quite unjust; and where, as in this case, the pleading is adequate to permit a recovery for all, the principles of law will not preclude it. By refusing or failing to keep that term in the agreement which was introduced to assure him delay, he entitled the other party to insist upon the resulting alternative of immediate payment.—*Worthy v. Jones*, 11 *Gray*, *168; Hanna v. Mills*, 21 *Wend.*, 90 ; *Rinehart v. Olwine*, 5 *W. & S., 157 ; Thomas v. Dickinson*, 23 *Barb.*, 431, *S. C.*, 2 *Ker.*, 364 ; *Goldsborough v. Orr*, 8 *Wheat.*, 217, 227 ; *Mullaly v. Austin*, 97 *Mass.*, 30.

No error is shown, and the judgment must be affirmed, with costs.

The other Justices concurred.