HENRY K. FARRAND, ADMINISTRATOR OF THE ESTATE OF
    SUSAN M. HILL, DECEASED, v. JOSEPH
                W. CATON ET AL.

*Executors and administrators—Letters of administration—Proof of
title to office—Certified copy of record—Appeal by heir from
decision of commissioners on claims—Estoppel.*

1. In a suit by an administrator under How. Stat. § 5884, to recover
   real estate conveyed by the deceased in fraud of creditors, his
   letters of administration are admissible in evidence to show his
   representative character, and he need not go back of such let-
   ters to show his title to the office.
2. A properly certified copy of letters of administration recorded
   under How. Stat. § 6756, has the same effect as evidence as the·
   original record.
3. A brother who has appealed in the name of the administrator from
   the allowance of claims against his sister's estate, and defended
   such appeal in the administrator's name, is estopped from ques-
   tioning the title of the administrator in a suit for the recovery of
   land alleged to have been fraudulently conveyed by the deceased
   to the brother.
4. The remaining points decided involve questions of fact, and refer-·
   ence is had to the opinion for the same.

Error to St. Joseph. (Pealer, J.) Argued January 25,
1888. Decided April 6, 1888.

Bill filed by an administrator to recover lands·conveyed in:
fraud of creditors. Defendants Caton and Wolf appeal.
Decree modified. The facts are stated in the opinion.

*Howell, Carr & Barnard,* for complainant.

*Alfred Akey* and *John B. Shipman,* for defendant Caton.

*Hugh P. Stewart* and *Dallas Boudeman,* for defendant·
Wolf.

LONG, J. The bill in this cause was filed by the complainant, as administrator of the estate of Susan M. Hill, deceased, under section 5884, How. Stat., which provides:

" When there shall be a deficiency of assets in the hands of an executor or administrator, and when the deceased shall, in his life-time, have conveyed any real estate, or any right or interest therein, with the intent to defraud his creditors, or to avoid any right, debt, or duty of any person, or shall have so conveyed such estate that by law the deeds or conveyances are void as against creditors, the executor or administrator may, and it shall be his duty to, commence and prosecute to final judgment any proper action or suit at law or in chancery for the recovery of the same, and may recover, for the benefit of the creditors, all such real estate so fraudulently conveyed," etc.

Susan M. Hill, in her life-time, was the owner and in possession of the following described real estate: Lots 8 and 9, in the east village of Colon, of the value of $400; lots 3 and 4, block 13, of said village of Colon, of the value of $2,500; lot 4 of block 14 of said village, of the value of $1,200, and another piece of land lying in said village, described by metes and bounds, of the value of $400,—all in St. Joseph county, Michigan.

On August 26, 1884, the deceased conveyed to her brother, Joseph W. Caton, said lots 8 and 9, for the nominal consideration of $500, subject to a mortgage of $250 given to Arelia A. Carver, on August 8, 1884, which mortgage was duly recorded on the day of its date; the deed of conveyance above being recorded on the twenty-ninth day of September, 1884.

On October 13, 1884,[1] deceased also conveyed to said Caton, by deed of warranty, lots 3 and 4, block 13, and lot 4 in block 14, as well as the piece of land in said village described by metes and bounds. This deed was recorded on November 13,

---

[1] This deed was dated October 10, 1884, and acknowledged on the thirteenth.

1884; the consideration expressed in said last-mentioned deed being the sum of "one dollar, and love and affection."

Mrs. Hill died at Colon, in said county, on the thirtieth day of November, 1884. February 3, 1885, Henry K. Farrand was duly appointed administrator of her estate, and entered upon the discharge of said trust.

Commissioners on claims were duly appointed on said estate, and on August 13, 1885, filed, in the probate court of said county, their report in writing, showing claims allowed by them, to the amount of $3,281. Some of the claims were appealed to the circuit court, and amounts reduced so that the claims stand as allowed at the sum of $2,919.32.

October 11, 1884, Thomas J. Hill, husband of said deceased, filed a bill in the circuit court for St. Joseph county, in chancery (as a creditor of Mrs. Hill), against Susan M. Hill, Joseph W. Caton, and one Allen N. Lapman, and obtained an injunction, which was duly served on said defendants, restraining them from selling, assigning, transferring, incumbering, or interfering with said lots 3 and 4, block 13, lot 4, block 14, and the lands in said village described by metes and bounds, without first paying, securing, or providing for the payment of the debts of Susan M. Hill, and more particularly the debt due the complainant.

December 15, 1884, Joseph W. Caton and his wife, Ursula. A. Caton, made, executed, and delivered to George T. Wolf, cashier of Wolf Bros.' bank, a mortgage for $500, due in three years, with interest at 8 per cent., to secure payment of a certain promissory note of same date of Joseph W. Caton, upon said lots 3 and 4 of block 13. Said mortgage was recorded December 16, 1884.

October 16, 1884, Mrs. Hill made, executed, and delivered to Burton S. Howe a certain mortgage of $350 to secure the payment of her promissory note of same date, due in one year, with interest, upon the property described by metes. and bounds in said village of Colon, which mortgage was

recorded on the same day of its date.   This mortgage Howe subsequently assigned to Columbia Engle.  January 13, 1885, Thomas J. Hill, in his suit then pending against Susan M. Hill and others, filed, in the office of the register of deeds of said county, a notice of *lis pendens*.

June 3, 1885, Joseph W. Caton and Ursula A. Caton made, executed, and delivered to Donald E. McIntyre, of Cadillac, a mortgage of $600, due in two years from date, upon lot 4 of block 14 of said village.   This mortgage was recorded June 20, 1885.

It is not in dispute that all the deeds and mortgages and assignments were made and recorded on the dates above set forth, except the deed under date of October 10, 1884, from Mrs. Hill to Joseph W. Caton, of which mention will be made hereafter.

Mrs. Hill was possessed of personal property of the value of $1,000, which, at her death, was left in the possession of said Joseph W. Caton.   Complainant has only been able to obtain about $600 worth of the same, for which he was compelled to bring replevin in the circuit court for said county. Caton claims to own and hold the same as a gift from the said deceased.

Mrs. Hill had no other property than that before described, and complainant is unable to pay the debts of said deceased except from sale of said real estate.

Defendant Caton claims that all these conveyances were made in good faith, and for valuable considerations, and that it was agreed he should pay the debts of deceased to the amount of some $1,200, and care for and support deceased during her life-time; that lots 3 and 4, block 13, were the homestead of complainant, and any conveyance made of that could not be in fraud of creditors, and that defendant will claim the benefit of such homestead in his defense to complainant's bill.

Defendant Wolf answered, and admits the execution of the

mortgage to him, but denies that he had any notice of the issuing or service of such injunction, or of the existence of such suit, and avers that at the time he took said mortgage the records in the office of the register of deeds of said county did not disclose the pendency of any such suit, or the issuing of such injunction; that he took said mortgage in good faith, and paid a valuable consideration therefor.

The testimony in the case was taken before a commissioner, and on hearing before the court a decree was entered therein fixing the rights of the parties as follows:

"That the mortgage executed by Susan M. Hill, deceased, to Burton S. Howe, on the sixteenth day of October, A. D. 1884, and afterwards assigned by him to Columbia Engle, be and remain a valid and legal lien against the land therein described, * * * and that Columbia Engle do recover against the complainant $20 as costs herein.

"That the conveyance from Susan M. Hill, deceased, to Joseph W. Caton of the land described in said mortgage held by Columbia Engle be and the same is hereby set aside, and declared fraudulent and null and void as against the complainant and the creditors of said Susan M. Hill; and that complainant have, take, and recover the possession of said land, and have the right to sell, dispose of, and convey the same, subject to the mortgage held by said Engle.

"That the deed from Susan M. Hill to Joseph W. Caton, conveying lots 8 and 9, in the east village of Colon, be and the same is hereby set aside, and held null and void, as against complainant and the creditors of Susan M. Hill; and that complainant have the right, after exhausting all the other property for the payment of the debts of Susan M. Hill, in case a deficiency exists, to take possession of said property, and sell, dispose of, and convey the same, and apply the proceeds thereof, so far as the same shall be necessary, to the payment of said deficiency; provided that the owner thereof, upon the payment of $150 to said complainant for the use and benefit of said estate, may have, hold, and enjoy the same, free and clear from the provisions of this decree, since the court finds the said property to have been only worth that sum over and above the amount of the mortgage thereon at the time of the conveyance, and that improvements have since been made thereon by the owner.

"That the conveyance from Susan M. Hill to Joseph W.

Caton of lots three (3) and four (4) of block thirteen (13), and lot four (4) of block fourteen (14), of said village, be and the same is hereby set aside and declared null and void as against complainant and the creditors of Susan M. Hill; and that the complainant have the right to take possession of said property, and to sell the same, and apply the proceeds thereof as hereinafter provided.

"That the mortgage executed by Joseph W. Caton to George T. Wolf, cashier, conveying lots 3 and 4 of block 13 of said village, be declared null and void as against the complainant and the creditors of Susan M. Hill, and the complainant is authorized, after exhausting all the property of said estate (except that as described as lots 8 and 9 of the east village of Colon), to sell and convey said property free and clear of said mortgage lien.

"That the mortgage executed by Joseph W. Caton to Daniel E. McIntyre upon lot 4 of block 14 of said village be set aside and declared null and void as against complainant and the creditors of Susan M. Hill, and complainant is authorized to sell said property free and clear of the incumbrance of said mortgage; that complainant first dispose of and use the avails received from all the property herein mentioned (except that described as being in the east village of Colon) for the payment of the indebtedness of said estate, before using the avails received from lots 3 and 4, block 13, for the payment thereof.

"And that out of the proceeds of sales of all said above-described property said complainant first pay the claims of the creditors established against said estate; * * * that after the payment of said indebtedness, and the interest thereon, the said complainant pay to said George T. Wolf the amount of the mortgage so held by him upon lots 3 and 4, block 13, together with the interest thereon; that after the payment of said indebtedness, and said mortgage, and the interest thereon, complainant pay out of the avails of said property all the costs and expenses of the administration of said estate, and the costs of this suit, and the costs recovered against him.

"That out of any proceeds remaining in his hands, after the payment of the debts, Wolf mortgage, interest, costs and expenses of administration, and costs of suit, said complainant shall pay to said Daniel E. McIntyre the sum of $100, and interest thereon, if so much there be, in full discharge and release of his said mortgage; that complainant pay over any surplus that may remain in his hands after making all

such payments as aforesaid to Joseph W. Caton; that complainant recover full costs herein against said defendant Joseph W. Caton."

From this decree defendants Joseph W. Caton and George T. Wolf, cashier, appeal to this Court.

It is now claimed by the counsel for defendant Caton that the complainant cannot maintain this bill, as there is no proof that he is such administrator; and the fact that he offered and put in evidence his letters as administrator is not proof that the probate court had jurisdiction to make the appointment.

It is claimed that there is nothing in the case to show that complainant had any interest in the estate of the deceased, even as a creditor; that, under section 5849, How. Stat., administration is to be granted in the following order:

1. To the widow or next of kin, or such suitable person as they may select.

2. To a principal creditor, when these classes are exhausted, then—

3. To such other person as the judge of probate may think proper.

But that the other person can never be appointed when there are creditors, unless in exceptional cases, which cannot be presumed so long as those upon the statutory list exist; and that this order of appointment is mandatory, and cannot be departed from in making appointments. The only proof complainant made of his title to the office of administrator was the introduction in evidence of his letters. These were objected to, and received under objection.

We think these letters were properly received in evidence, and that it was not incumbent upon the complainant to go back of such letters to show his title to the office. *Cook v. Stevenson*, 30 Mich. 242; *Albright v. Cobb*, Id. 361; *James v. Emmet Mining Co.*, 55 Id. 335, 346 (21 N. W. Rep. 361); *Insurance Co. v. Moore*, 34 Id. 41.

69 MICH.—16.

Section 6756, How. Stat., provides for record of letters of administration, and section 6757 provides that a properly certified copy thereof shall have the same effect in evidence as the original record. For additional cases upon this subject, see *Farley v. McConnell*, 52 N. Y. 630; *Pick v. Strong*, 26 Minn. 303 (3 N. W. Rep. 697); *Belden v. Meeker*, 47 N. Y. 310; *Carroll v. Carroll*, 60 Id. 121.

We think, also, the defendant Caton ought not at this time to be permitted to dispute the complainant's title to the office of administrator, as it appears that he appealed in the name of the complainant, as administrator, from the decision of the commissioners on claims in said estate, to the circuit court, and there defended such appeal in the name of the administrator. He cannot now, when the complainant seeks to collect the estate of the deceased to pay claims thus allowed, be heard to question the appointment of complainant to the office.

It is claimed that the lots upon which the Wolf mortgage was given were the homestead of Mrs. Hill, and the conveyance of it to Caton is no evidence of an intent to hinder, delay, or defraud creditors, and that defendants can have the same benefit of the homestead exemption that Mrs. Hill could have claimed; that at least Caton took by that conveyance a perfect title to $1,500 of the property, and this amount could not be disturbed by Mrs. Hill's creditors, whatsoever might be the case with the part not so exempt; and, having obtained it, there was no legal impediment to his mortgaging it to Wolf, and therefore the Wolf mortgage must be upheld.

While it is true that one may do what he pleases with his exempt property, yet it appears in this case that a clause was inserted in the deed of conveyance from Mrs. Hill to Caton of October 10, 1884, as follows:

"The above conveyance of lots three (3) and four (4) in

block thirteen (13), and lot four (4) in block fourteen (14), all being in the village of Colon, county of St. Joseph, Michigan, being described above, are made subject to the payment of all my lawful debts now owing by said grantor."

The time at which this clause was inserted in the deed was in dispute. It is claimed by Caton that it was inserted after the execution of the deed, and before its acknowledgment, and cut out of the deed before it was acknowledged; that it was written in by one Mr. Akey, the notary who took the acknowledgment, and cut out by Mr. Howe, the attorney of Mrs. Hill; and that Mrs. Hill was not even aware that it had been inserted, and knew nothing of the fact that it was cut out. The original deed is produced here upon the hearing as an exhibit in the case, and no question is made but that at some time this clause was in the deed. The testimony is very contradictory, however, as to the time when it was cut out. The consideration expressed in the deed is the sum of "one dollar, and love and affection."

The answer signed by Mrs. Hill in the case of Thomas J. Hill against Susan M. Hill was produced in evidence in this cause, and Caton was examined in reference to such answer, and what Mrs. Hill said when the answer which had been drawn in that case was read to her. Mr. Caton was then asked:

" Q. You may state if Mrs. Hill said to Mr. Pike in that conversation that she had made provision for the payment of her debts, and had so expressed it in the deed.

" A. I did not hear any such conversation. I heard a part of it; that is, some of it; but the part of its being in the deed I did not hear.

" Q. Did you hear her say that she had made an arrangement so that you would have to pay her legal debts?

" A. I did."

It is evident that Mrs. Hill intended to convey this property to her brother, Joseph W. Caton, subject to all her legal debts, and that it was agreed by him, in consideration of the conveyances, that he would pay them.

Defendant Wolf claims that, however the fact may be as between Mrs. Hill and Mr. Caton about this conveyance being a fraudulent one, he is not bound by such fraud; that he knew nothing of it; that he knew of no debts owing to Mrs. Hill, and knew nothing about the injunction against her conveying; that he relied upon the title as he found it of record, and had no knowledge or notice to apprise him that such record title was not correct; and that, whatever position the defendant Caton may occupy, he is a *bona fide* incumbrancer, and entitled to full protection as to his mortgage interest.

From the circumstances disclosed by this record it must be held that the conveyance of these several pieces of land by Mrs. Hill to Joseph W. Caton were void as against creditors, and were properly set aside by the court. We do not, however, find any evidence that defendant Wolf had knowledge of the want of consideration in the deeds from Mrs. Hill to defendant Caton, and while it is true the bill had been filed by Thomas J. Hill against Mrs. Hill and Caton, and an injunction had been served on them before the making and delivery of the Wolf mortgage, yet it appears that the *lis pendens* was not filed in the case till January 13, 1885, after the mortgage was made and delivered, and there was nothing upon the record to apprise him of that fact; and no testimony was given or offered in the case tending to show any notice of the fact to defendant Wolf that Mrs. Hill had any creditors.

Defendant Wolf himself testifies—and he is not contradicted—that he took the mortgage in good faith, and in reliance upon the record, which showed a perfect title in Caton of the property upon which the mortgage was placed. We think the weight of evidence is that this deed to Caton was delivered before the condition was written therein, and then put in by Akey, and cut out before its acknowledgment, and that Mrs. Hill had no knowledge that it was ever inserted.

The fact, therefore, of its being cut out could in no manner affect the title vesting in defendant Caton, and defendant Wolf, taking this mortgage without any knowledge of these facts, or of the condition upon which these lands were transferred to Caton, must be treated as a *bona fide* incumbrancer.

Defendant Caton, however, took them subject to the payment of the debts of Mrs. Hill; and we think the allegations in the bill are sufficient for complainant to maintain the action under section 5884, How. Stat. The court below found, and the proofs sustain such finding, that there was a deficiency of assets in the hands of the administrator, and that a large amount of claims had been allowed against the estate of Mrs. Hill; and this property should, under the circumstances, be subjected to the payment of these debts.

The decree of the court below must be modified, and the premises covered by the Wolf mortgage must be sold subject to such mortgage and the interest thereon, and said Wolf mortgage must be held a lien on said premises covered thereby prior to the claims of the complainant or of the creditors of said Susan M. Hill.

The decree entered in the case must provide for a sale of the premises by and under the direction of a circuit court commissioner of said county, in like manner and with like notice as is provided for the sale of lands under decrees of foreclosure of mortgages in chancery. Complainant will recover full costs against defendant Caton.

Defendant Wolf will recover costs against complainant.

The other Justices concurred.