murrer. Smith v. Turquoise Co., 77 Hun, 192, 28 N. Y. Supp. 329; Walter v. Fowler, supra; Hoffman v. Wight, 137 N. Y. 623, 33 N. E. 554. There is little benefit in motions of this kind, and there may be much harm if the power to strike out is exercised (Town of Essex v. New York & C. R. Co., 8 Hun, 361), or, as the court in St. John v. Griffith, 1 Abb. Prac. 40, said:

"This class of motions is not to be encouraged. They involve generally a very great, and in some instances a very fruitless, consumption of time, to the prejudice of matters of substance, and the delay of other suitors. Technical obstructions are not in harmony with the spirit of the age, either in the old world or the new. Courts of justice nowadays are expected to try cases, and not pleadings. And, provided the parties are reasonably notified in advance of what they are expected to meet on the trial, it is all that should be required of their adversaries, and all that is of any use in written preliminary statements."

Motion denied, with $10 costs to abide event.

---

### STRAUSS v. SCOTT.

(Supreme Court, Trial Term, New York County. March 19, 1899.)

DAMAGES—BREACH OF CONTRACT.
    In an action for breach of contract to deliver a quantity of wall paper, where it appears that plaintiff had agreed to pay more than the present value of the paper, a verdict for substantial damages will be set aside.

Action by one Strauss against one Scott for failure to deliver a quantity of wall paper on which plaintiff had made a certain payment, and had agreed to pay the balance on delivery. The evidence showed that the value of the paper to be delivered was less in amount than the price plaintiff had contracted to pay therefor. Verdict for plaintiff, and defendant moved to set aside the verdict, and to dismiss the complaint. Motion to dismiss granted.

Myers, Goldsmith & Brunner, for plaintiff.
A. G. N. Vermilya, for defendant.

MacLEAN, J. Motion to set aside the verdict herein upon exceptions taken and because the verdict was contrary to the law plaintiff failing to prove any damage (Greene v. White, 37 N. Y. 405), granted, and the complaint dismissed (Mixsell v. Railroad Co., 22 Misc. Rep. 73, 49 N. Y. Supp. 413).

---

(28 Misc. Rep. 263.)

### BOKER et al. v. DEMOREST MFG. CO.

(Supreme Court, Trial Term, New York County. June, 1899.)

SALE—CONTRACT—CONDITIONS.
    Plaintiff agreed to furnish bicycle tubing to defendant. The contract, made by correspondence, provided that it should be tubing made by a certain company, but it did not show that defendant's obligation was conditional on that company furnishing it, and the correspondence referred to the tubing as already "secured," though not yet manufactured. *Held*, that the obligation is binding on plaintiff, notwithstanding the company fails to furnish the tubing.

Action by Carl F. Boker and others against the Demorest Manufacturing Company. Judgment for defendant.

John J. Gleason, for plaintiffs.

Harmon & Mathewson, for defendant.

BISCHOFF, J. Admitting that the contract was entire, the parties have stipulated that judgment be rendered either for the plaintiffs for the value of the goods delivered, or for the defendant for agreed damages on account of the failure of delivery of the balance of the goods called for, the question to depend upon whether the plaintiffs' obligation to deliver was absolute or was made conditional upon their obtaining the goods from the Climax Company, the manufacturer. If absolute, the obligation was not performed; if conditional, the plaintiffs were not at fault, and judgment is to go as the contract is construed, the evidence of its terms being found solely in the correspondence between the parties. The agreement was for the purchase by the defendant from the plaintiffs of a quantity of bicycle tubing, the correspondence showing that the output of the several factories, foreign and domestic, was expected to be in great demand, and the plaintiffs having continually urged the defendant to place its order with them before the market for the season became exhausted. The defendant, however, at the beginning of the negotiations, was not certain as to the quantity and size required, although recognizing the advisability of ordering early, and the letters disclose the parties' intention that the order, when made, should be definite and conclusive. The order was thereafter made for 93,000 feet of tubing of the Climax Company of England, and it is evident that the plaintiffs, when confirming the order, entered into an absolute contract, as principals, to deliver this tubing at the periods stated, and for the price agreed. Throughout the correspondence the plaintiffs' position was that of independent dealers in the products of several factories, and the contract was for the sale of goods which they stated they had "secured." There is no word or suggestion of any condition that the plaintiffs' performance should depend upon delivery to them by the Climax Company, and the tenor of the whole correspondence leading to the order was that the defendant should conclude an agreement with the plaintiffs upon which its reliance could be placed when manufacturing bicycles for the coming season. The plaintiffs' contention now appears to be simply that, because the tubing was to be manufactured by a specified party, and was understood not to be in existence when the contract was made, there was an implied condition, within the intention of the parties, that the delivery should depend upon the plaintiffs' success in obtaining the goods. The transaction admits of no such interpretation. Here was no contemplated uncertainty of performance, since the plaintiffs had approached the defendant with the statement that they had "secured" the goods, and the ability of the manufacturers to observe their contract with the plaintiffs was in no way involved, the name of the factory having been used as bearing, at most, only upon the quality of the output. Should the condition contended for be implied, upon this state of facts, then

in every case a party would be absolved from performance of his en-gagements, if his ability to perform were affected by his possible disappointments in business; but the law is otherwise. Harmony v. Bingham, 12 N. Y. 107, 108; Thomas v. Dickinson, 23 Barb. 431; Stanton v. Small, 3 Sandf. 230. There must be judgment for the defendant upon the stipulation.

Judgment for defendant.