SAMUEL B. KYLE, appellant, *v.* JAMES THOMPSON and FRANCIS WILLIAM THOMPSON, who sue for the use of WARBURTON & KING, appellees.

### *Appeal from McDonough.*

Where a promissory note is specially assigned by the payees to third persons, who are the legal holders of the note, an action cannot be maintained upon the note in the name of the payees, though commenced by the attorney of the assignees, for their use. Yet if the special endorsement be erased at the trial, the action may be maintained.

THIS was an action of *assumpsit* instituted in the McDonough Circuit Court, by James Thompson and Francis W. Thompson, for the use of Warburton & King, on the following note :

" $976\frac{05}{100}$.                    *Saint Louis, 16th Nov.* 1836.

" Six months after date, I promise to pay to the order of J. and F. W. Thompson, nine hundred and seventy-six $\frac{05}{100}$ dollars, without defalcation or discount, for value received.

" S. B. KYLE."

Endorsed, " Pay the order of Warburton & King.

" J. & F. W. THOMPSON."

It was also in proof, that the attorney who brought the suit received the note from Warburton & King, who resided in St. Louis, Missouri, with instructions to collect the same, and pay the proceeds over to them.

The Court instructed the jury, that the fact of the plaintiffs' attorney having possession of the note, was a fact from which the jury might presume, *primâ facie*, that the note was the property of the plaintiffs, and that they had a right to sue on it, notwithstanding the assignment.

Kyle *v.* Thompson *et al.*

Upon this state of the case, there was a verdict for the plaintiffs for the amount of the note and interest; whereupon the defendant moved the Court for a new trial, for the reasons that the damages were excessive, and that the Court misdirected the jury. The Court overruled the motion, and rendered judgment upon the verdict of the jury.

To reverse this judgment Kyle brought the case into this Court, by appeal. •

C. WALKER and O. H. BROWNING, for the appellant, contended,

First. The Court misdirected the jury. 1 Tom. Law Dict. 106, 108; Breese 288; 3 Blackf. 437; Pirtle's Dig. 40; R. L. 482; Gale's Stat. 525, 526.

Secondly. The Court erred in not granting a new trial. Pirtle's Dig. 533 – 535.

A. WILLIAMS, for the appellees.

SMITH, Justice, delivered the opinion of the Court: (1)

This was an action on a negotiable promissory note, assigned to third persons.

The only question is, whether, on the trial of the cause, it appearing in evidence, that the note had been duly assigned to other persons, by the payees of the note, and that such persons were the legal holders of the note, the payees could recover in an action instituted in their names.

It is too manifest to doubt for one moment, that the legal interest in the note had passed to the assignees, and that no action, on such evidence as appears in the case, could be maintained. The variance between the allegations of the declaration, and the proof offered, was fatal.

The plaintiff might have stricken out the assignment on the note at the trial, but he did not do that, but permitted proof to be given of the validity of the assignment, and that the assignees were the legal holders of the note.

The instructions given by the judge were erroneous.

The judgment is reversed with costs.

*Judgment reversed.*

*Note.* See Brinkley *v.* Going, Breese 288, 289; McHenry *v.* Ridgely, *Ante* 310; Campbell *v.* Humphries, and note, *Post.*

(1) Wilson, Chief Justice, was not present at the argument of this cause.