## HIGGINS ET AL *v.* WATSON ET AL.

R made his promissory note for $100, payable in six months, to O, or bearer, on the back of which was the following endorsement: "I guaranty," signed by W. It was held,

1. As there was no date to the endorsement, that, in the absence of all proof, the making of the note by R, and the endorsement by W, must be presumed to have been contemporaneous acts, and one entire transaction.

2. That R and W were joint and several promissors or makers of the note.

What is sufficient prima facie evidence of the loss of a promissory note, under R. S. ch. 102, sec. 88, p, 460, to admit parol evidence of its contents.

The bond to be executed by plaintiff to defendant, under R. S. ch. 102, sec. 89, upon bringing an action on a lost promissory note, should run to all of the defendants, although some of them have not been served with process.

ERROR to Wayne Circuit Court. The plaintiffs brought an action of assumpsit, in Wayne county court, against the defendants, on a promissory note, of which the following is a copy:

Higgins *et al. v.* Watson *et al.*

$1·00,　　　　　　　　　　　　　　　Detroit, April 11, 1846.

Six months after date, I promise to pay Placidus Ord or bearer one hundred dollars, at James M. Lyell's office, value received.

Andrew T. McReynolds.

On the back of the note was the following endorsement: "I guaranty, John Watson." Process was served on Watson, but not on Mc-Reynolds. On the trial in the county court, evidence was given of the loss of the note, and of its contents, and a bond of indemnity was executed by plaintiffs to defendants, in pursuance of the statute. The county court rendered judgment for the plaintiffs, and thereupon Watson sued out a writ of certiorari to the circuit court, which reversed the judgment of the county court. To reverse this last judgment, the plaintiffs brought their writ of error.

*Wells and Cook,* for plaintiffs, in error.

*O'Flynn,* for defendants, in error.

*By the court,* Green, J. The important question in this cause, and the only one affecting the merits is, whether the defendant Watson is a joint promissor with McReynolds.

In order to determine this question, the first inquiry is, *when* was the endorsement made by Watson? The only testimony bearing on this point, is that of Peterson. He says that he received the note from Peterson and Humphreys, in the city of New York, on or about the eighth day of May, 1846, in behalf of the plaintiffs, and that the endorsement was then upon it. The guarantor is a third person, not named as a party on the face of the note, and he affixes no date to his guaranty.

In the case of Leonard *v.* Vredenburgh, 8 John. R. 29, it was holden that the writing imported, upon the face of it, one original and entire transaction; for, says Kent, Ch. J., in delivering the opinion of the court in that case, "a guaranty of a contract implies, *ex vi termini,* that it was a concurrent act, and part of the original agreement." In that case, the note was made by one Johnson to the plaintiff, bearing date Nov. 9, 1808, at the bottom of which was the following, without date, viz: "I guaranty the above, J. Vredenburgh."

If the opinion of the court in that case, upon the point under con-

sideration, is good law, and I do not find that it has ever been questioned, then, in the absence of all proof, the making of the note by McReynolds, and the endorsement on the back of it by Watson, must be presumed to have been cotemporaneous acts, and one original and entire transaction.

But it is argued, that in the absence of any proof on the subject, there can be no presumption that the endorsement was made at the time of making the note, because it may have passed through Watson's hands as a subsequent holder, and been guarantied by him upon his transferring it to Peterson and Humphreys, or some one else.

To this argument, it seems to me, there are two answers. First, the endorsement having no separate date affixed to it, in the absence of any proof on the subject, its date must be referred to that appearing on the face of the note; and, second, that if Watson made the endorsement at a subsequent period, that fact is peculiarly within his knowledge, and cannot be supposed to be within the knowledge of the plaintiffs, and the burthen of proof, therefore, rests upon Watson.

In Hunt *v.* Adams, 5 Mass. 358, the guaranty was written at the bottom of the note, without a separate date, and there does not appear to have been any proof showing when it was made. Ashman, of counsel for the defendant, in his argument remarks, that "for aught that appears, this undertaking of the defendants was made on a different day;" yet Ch. J. Parsons, in delivering the opinion of the court, assumes that the signatures to the note and the guaranty were made at the same time.

Regarding the making of the note and the endorsement thereof by Watson, as one transaction, all the American authorities seem to agree, that the consideration expressed or imported on the face of the note is sufficient to support the undertaking of the guarantor, under the statute of frauds.

The rule which governs the construction of all other contracts, that the intention of the parties must control, applies with full force to contracts of this character. In most of the cases in which the endorsement of a note has been held to make the endorser a guarantor, and consequently an original promissor, the notes were not negotiable, and the party endorsing could not therefore be treated as an ordinary endorser. The only mode by which effect could be given to such an endorsement,

was to treat it as an absolute guaranty of payment.   Seabury *v.* Hungerford, 2 Hill 84; Dean *v.* Hall, 17 Wendell 214.

In this case, if Watson is liable at all upon his endorsement, he is liable absolutely as a guarantor, either jointly with McReynolds, as an original promissor, or alone.   He cannot be treated as an ordinary endorser, for his language is, " I guaranty," which imports an absolute, unconditional undertaking that the note shall be paid at maturity; and this is precisely the undertaking of McReynolds, the admitted maker, and neither more nor less.   They are, in effect, perfectly identical.

The case of Hough *v.* Gray, 19 Wendell 202, is in effect precisely like this.   Moon made his note payable to Cameron or bearer, and Hough at the same time made and signed the following endorsement on the back of it, viz: " This may certify that I guaranty the payment of the within note."   The court held that he was liable as maker, severally, to Gray, who had purchased the paper of Cameron.   Cowen, Justice, in delivering the opinion of the court, says: " The court below were clearly right, therefore, in holding that he made himself a joint and several promissor with the admitted maker."   See Story on Promissory notes, ch. 10, title " Guaranty of Promissory Notes," and the notes to the text, in which the leading cases on this question are collected.

Watson and McReynolds being, in legal effect, joint and several makers of the note, were properly joined in the action, and a judgment in form against both is therefore regular, though Watson only was served with process.   R. S. ch. 107, sec. 1.   For this reason the bond of indemnity was properly executed by the plaintiffs to both the defendants.   Mc Reynolds, though not served with process, has an interest in the indemnity, because an execution issued upon a judgment against both defendants may be collected of the personal property owned by him as a partner with Watson.

The only remaining question is, whether the loss of the note declared on, was sufficiently proved to authorize the introduction of secondary evidence of its contents; and I think the circumstances related by the witness Peterson sufficient *prima facie* evidence of the loss.   He states positively the disappearance of the pocket book containing the note, and that diligent search was made for it, without success; and that he had the entire care of the notes belonging to the plaintiffs.

This being a preliminary inquiry, and the testimony being given to the court, and not to the jury, I see no objection to the statement made by the witness, of the fact that a certain individual was prosecuted criminally for stealing the note, and that he confessed his guilt, and stated what he had done with it.

The judgment of the circuit court must be reversed, with costs to the plaintiffs in error, and the cause remanded to the circuit court for the county of Wayne, for further proceedings.

*Judgment reversed, &c.*