WILLIAM S. MOBLEY, Plaintiff in Error, *v.* EBENEZER Z. RYAN, surviving Assignee of the Bank of Illinois, Defendant in Error.

ERROR TO GALLATIN.

Where a note is indorsed, without date, the presumption of law is, that it was indorsed before it became due.

If the time of the indorsement becomes material, it is incumbent on the maker to show, that it was made after the maturity of the instrument.

If a note is assigned before it falls due, the maker may show in defence, that the execution of the instrument was obtained through fraud or circumvention, and thus defeat a recovery by the assignee.

The maker of a note assigned before maturity, cannot offset a payment previously made upon it, unless the assignee had notice of it before assignment.

The payee of a note need not give the maker notice of the assignment, the latter must ascertain who is the holder of the note.

THE opinion contains a statement of the case.

The cause was tried before MARSHALL, Judge, without the intervention of a jury, at July term, 1852, of the Gallatin Circuit Court; and resulted in a verdict and judgment for the defendant in error. Mobley brings the cause to this court, and assigns errors.

N. L. FREEMAN, for plaintiff in error.

W. THOMAS, for defendant in error.

TREAT, C. J.    This was an action of debt brought by Ryan, as surviving assignee of the Bank of Illinois, against Mobley. The declaration was on a promissory note made by the defendant to Gatewood, and by the latter assigned to the bank.    The plea was payment.    On the trial, the plaintiff introduced a promissory note made by the defendant on the 28th of October, 1840, for the sum of $150, and payable to E. H. Gatewood on or before the 1st of March, 1842, with the signature of Gatewood indorsed thereon, over which the plaintiff wrote an assignment to the bank.    It was admitted by the parties, that the books of the bank showed that the note was discounted in the bank by Gatewood before it became due; but the defendant objected to the competency of the books to prove that fact.    It was further admitted, that the note was given for a tract of land sold by Gatewood to the defendant, and that the defendant before the note fell due sold the land to Sanders, who agreed to pay $133 on the note; that after the note was due, but before the defendant had any notice of the assignment thereof, Gatewood applied to him for payment, and represented that he had mislaid the note, but would find the same and give it up, if defendant would pay it; that Sanders then executed a note to Gatewood for $133, with defendant as security, and defendant executed another note to Gatewood for the balance, with Sanders as security, which two notes were received by Gatewood in full satisfaction and discharge of the note now in controversy; that the two notes were fully paid to Gatewood and taken up, before the defendant had any notice of the assignment of the note in question by Gatewood to the bank. On this state of case, the court rendered judgment in favor of the plaintiff for the amount of the note and interest.

It will not be necessary to inquire, whether it was competent to prove by the books of the bank when the note was indorsed. Where an indorsement is without date, the presumption of law is, that it was made before the note became due.    If the time of the indorsement becomes material for the purpose of defence, it is incumbent on the maker to show that it was made after the maturity of the instrument, and thereby destroy the legal presumption.    It was so expressly ruled in Pettis *v.* Westlake, 3 Scammon, 535.    In this case, there was nothing in the evidence tending to rebut the presumption that the note was assigned to the bank before it fell due.    The question then arises, Is the defendant to be protected in the payment made to the payee after the maturity of the note ?    It is one of easy

solution.  Under the provisions of our statute, if a note is assigned before it falls due, the maker may show in defence that the execution of the instrument was obtained by fraud or circumvention, and thus defeat a recovery upon it by the assignee.  But he is not permitted to set up any other defence to a note assigned before maturity, unless he shows that the assignee had notice of the defence when he received the assignment.  In such case, he is not even allowed to avail himself of a payment made on the note previous to the assignment, unless he proves that the assignee had notice thereof when the note was assigned.  It follows that he is not protected in making payment to the payee subsequent to an assignment made before maturity.  When a note is thus assigned, the maker becomes the debtor of the assignee, and cannot discharge himself by making payment to any other person.  The assignee is not affected by any subsequent transactions between the original parties to the instrument.  He is not bound to give the maker notice of the assignment.  The latter must ascertain who is the holder of the note, and make payment accordingly.  He can fully protect himself against a demand of payment from the payee, by refusing to pay unless the note is surrendered.  If the defendant had pursued such a course, no difficulty would have arisen.  The payment in question was made in his own wrong, and he must abide the consequences of his negligence.

The judgment must be affirmed.

*Judgment affirmed.*