# JOHN H. SMITH

## *v.*

## JOHN H. NEVLIN.

1. ASSIGNMENT—*presumption as to date.* Where a promissory note is indorsed by the payee without date, it will be presumed, in the absence of proof, that it was assigned at the date of the execution of the note, and where the assignment of the payee is dated, an assignment by his assignee without date will, in like manner, be presumed to have been made at the same time with the prior assignment to him.

2. PRACTICE—*excluding evidence.* There is no error in excluding evidence after its introduction, when it does not tend to prove the issue, but if it tends to prove the defense interposed, it must be left for the jury to pass upon, and it is error to exclude it.

3. FAILURE OF CONSIDERATION—*notes given for lease.* Where a lessee obtains possession of, and enjoys the whole of the lands leased by him, without eviction or disturbance, there can be no failure of the consideration of notes given by him for the rent. The throwing out of a strip of land not leased, by the commissioners of highways, will not constitute a failure of the consideration. If the lessee was misled by the lessor's agent, or his own want of care in building a fence, it will not affect the rights of the lessor.

APPEAL from the City Court of Alton; the Hon. HENRY S. BAKER, Judge, presiding.

Mr. CHARLES P. WISE, for the appellant.

Mr. J. H. YAGER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on two promissory notes given by appellant to one Joseph Russell, and assigned by him to O. P. Powell, and by him to appellee. It is first objected that the latter assignment was described in the declaration as having been made on the 2d day of December, 1875, and when the notes were produced, it appeared this assignment was without date, and hence there was a variance, but the court admitted the notes in evidence notwithstanding the objection. The first assignment on each note bears date on the 2d of December,

1875, and it is insisted this date is presumed in law to be the date of the later assignments. It has been repeatedly held, that it is a presumption of law that a note assigned in blank was indorsed before maturity, and the presumption, unrebutted, would cut off a defense against the payee, in the hands of the assignee. See *Pettis* v. *Westlake*, 3 Scam. 535 ; *Mobley* v. *Ryan*, 14 Ill. 51. It has also been held that where a note is indorsed by the payee without date, it is a presumption of law that it was assigned at the date of its execution. See *Stewart* v. *Smith*, 28 Ill. 397 ; *White* v. *Weaver*, 41 id. 409. But these cases hold the presumption may be rebutted by evidence showing when the assignment was in fact made.

In analogy to these cases, it follows that it must be presumed that all of the indorsements were made at the same time. Powell would not, it may be presumed, assign the notes before he owned them, but we may, as in the cases referred to, presume he did assign them on the day they were transferred to him. This presumption was not rebutted, and there was no variance, and the notes were properly admitted in evidence.

It is next urged that the court below erred in excluding appellant's evidence that was introduced to prove a failure of consideration. This depends upon whether it tended to prove the issue. If it did not, then it was not pertinent and was properly excluded. If, on the contrary, it tended to prove the defense, then it should have been left to the jury to pass upon and find whether it sustained the issue, and it was error to exclude it. Did it tend to prove the issue? We think not. There is no pretense that appellant did not obtain possession of and enjoy the whole of the lands he leased. And if so, in what possible manner has the consideration failed? He leased the tract by its numerical description, and seems to have occupied all he contracted for and for which he received the lease. He did not lease the strip that was thrown out by the road commissioner. That was outside of the lease and formed no part of the land for the use of which he gave the notes. He has enjoyed all he contracted for in the lease. And having

had all he contracted for, he must pay for its use according to his agreement. If misled by the agent or his own want of care in building the fence, it did not affect the rights of the lessor, as he gave him possession of all the ground he leased appellant. He entered under the lease and has enjoyed it without being evicted from any portion of it. The lessor did not covenant to keep him in possession of a portion of the public road or the land of another person. He has kept his covenant, and appellant has not been disturbed in the possession of the leased premises.

This evidence having no tendency to prove the issue, but being impertinent, it should not have been admitted, and was properly excluded.

Perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*