## Roque J. Rodriguez v. Luther A. Merriman.

### Gen. No. 13,085.

1. PROMISSORY NOTE—*presumption as to time of making undated indorsements*. The presumption is that undated indorsements of a promissory note were made on the day of the execution and delivery of a note by the maker on consideration and without notice of defenses. This presumption, however, may be rebutted by proof.

2. PROMISSORY NOTE—*when second indorsee after maturity not subject to defenses*. A second indorsee who has received a note after maturity is not subject to defenses if the first indorsement was before maturity on consideration and without notice of such defenses.

3. PROMISSORY NOTE—*right to strike indorsement from*. Any holder of a note, although he may have written thereon an indorsement or an assignment, may maintain an action in his own name, and strike out the indorsement before offering the note in evidence.

4. NEW CAUSE OF ACTION—*what does not constitute*. In an action upon a promissory note a substitution of plaintiffs does not constitute a change in the cause of action.

5. PLEADING—*effect where immaterial issue is tendered*. Notwithstanding pleas are not demurred to, they, together with the evidence in support of them, will be disregarded where an immaterial issue is tendered.

6. MOTION FOR NEW TRIAL—*when withdrawal of, does not preclude second interposition*. Where a motion for new trial is withdrawn in order to interpose a motion for a judgment *non obstante veredicto*, the same may, upon the denial of such motion for judgment *non obstante veredicto*, be entered again.

7. REPLEADER—*when should be ordered*. A repleader should be ordered where it appears that pleas have been replied to which tender immaterial issues and where the issues as made are inartificial.

Assumpsit. Error to the Superior Court of Cook County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed April 18, 1908.

**Statement by the Court.** This is an appeal from a judgment of *nil capiat* and for costs against the plaintiff in error.

The suit was brought in the Superior Court of Cook county in assumpsit, May 26, 1904. The plaintiff in the cause was then Charles H. Hamill, the defendant Luther A. Merriman. The declaration filed on that day declared on a promissory note signed by Luther A. Merriman, promising to pay to the order of Delia Lee Merriman on demand the sum of $900, without interest, for value received. Said note, it was alleged, had been indorsed and delivered by said Delia Lee Merriman to one Daniel G. Lee, and by said Daniel G. Lee to one Daniel J. Bohan and by Daniel J. Bohan to Roque J. Rodriguez, and by Roque J. Rodriguez to the plaintiff Charles H. Hamill.

The common *indebtitatus assumpsit* counts were added.

The copy of the instrument sued on was given as follows. On the face the following:

$900.                              "Chicago, July 1, 1894.

For value received I promise to pay to Delia Lee Merriman on demand the sum of Nine Hundred & no-100 Dollars without interest.

Luther A. Merriman.

Paguese a la orden del Sr. Roque J. Rodriguez.
Mexico Abril 5 de 1904.                Daniel J. Bohan."

Upon the back the following:

"Pay to the order of Daniel G. Lee.
Delia Lee Merriman.
Pay to the order of Daniel J. Bohan.
Daniel G. Lee.
Pay to the order of C. H. Hamill.
Mexico, April 25, 1904.
Roque J. Rodriguez."

June 11, 1904, the defendant filed a plea of the general issue with an affidavit of merits.

June 24, 1904, he filed ten additional pleas, the first to the effect that the plaintiff was not an innocent purchaser of the note sued on for value without notice; that Delia Lee Merriman, the payee, was at the time the note was given,

the wife of the defendant; that he gave the note to the said Delia as security to hold until he should make a will giving her all his property—which was a condition that she made on allowing the withdrawal of some money belonging to the defendant, but deposited in the bank in the name of said Delia; that he on September 1, 1894, made his will, giving all his property to said Delia, "and that therefore said note was made without any good or valuable consideration."

The second additional plea was to the same effect, but instead of concluding that the note sued on was made without consideration, it alleged that said Delia released and discharged defendant from the payment of said note.

The third and fourth additional pleas were to the same effect, except that they concluded with the allegation that the note had been fully paid, satisfied and discharged.

The fifth additional plea varied from the preceding only in concluding that the consideration upon which said note was paid had wholly failed.

The sixth additional plea was like the first, the seventh like the second, the eighth like the third, the ninth like the fourth, and the tenth like the fifth, except that each one substituted for the allegation that the plaintiff was not an innocent purchaser for value, the allegation that said note was assigned to the plaintiff after maturity.

July 2, 1904, replications were filed to these pleas by the plaintiff: To first additional plea, that said note was executed and delivered for a good and valuable consideration; to second additional plea, that Delia Lee Merriman did not release said defendant from payment of said note; to third additional plea, that defendant had not fully paid and discharged said note; to fourth additional plea, that there was no accord and satisfaction of said note; to fifth additional plea, that the consideration of said note had not failed; to the sixth, seventh, eighth, ninth and tenth additional pleas, the same as to the first, second, third, fourth and fifth, respectively.

October 12, 1905, by order of court on motion of the plaintiff's attorneys, Roque J. Rodriguez was substituted as

the plaintiff in said cause for Charles H. Hamill, and the title of said cause was amended so as to read Roque J. Rodriguez v. Luther A. Merriman. Leave was given at the same time to amend the declaration accordingly, and the declaration was amended by the substitution of the name of Roque J. Rodriguez for that of Charles H. Hamill as plaintiff, and by striking out the allegation of indorsement and delivery of said note by Rodriguez to Hamill.

Thereupon, on October 30, 1905, the defendant filed thirteen new pleas. The first was the general issue.

The second that the cause of action in the first count mentioned did not accrue to the plaintiff within ten years.

The third that the cause of action in the common counts mentioned did not accrue to plaintiff within five years; and the fourth to the thirteenth, inclusive, the same as the first ten additional pleas hereinbefore described.

For replications, the plaintiff filed a *similiter* to the general issue, to the second and third pleas a direct traverse, and to the fourth to the thirteenth, respectively, the same that had been filed to the ten additional pleas above alluded to.

The cause was tried before a jury on February 15, 1906. The plaintiff offered the note sued on in evidence, with an admission that the words "Paguese a là orden del Sr. Roque J. Rodriguez" are the Spanish equivalent for "Pay to the order of Mr. Roque J. Rodriguez."

On production of the note it proved to be like the copy annexed to the declaration and hereinbefore set out, except that the final indorsement was cancelled as follows:

"Pay to the order of C. H. Hamill.
Mexico, April 25, 1904.
Roque J. Rodriguez."

There was on the note also, and there appeared in the copy, a stamp on face and back:

"Juzgado Segun De Lo Civil
5 Abril 1904
Mexico."

And documentary stamps, 90 cents, marked through the face—"D. J. Bohan, Mexico, Abril 5 de 1904. D. J. Bohan."

The introduction of the note was objected to on the ground that from the note and from the pleadings in the cause it appeared that the legal title to the note was in Mr. Hamill at the time the action was commenced; also because it appeared from the face of the instrument that the Statute of Limitations had run against it, so far as the present plaintiff was concerned, and because the note and indorsements thereon were "a variance from the copy of the note and indorsements which are filed with the declaration." The objections being overruled, the defendant excepted. The plaintiff then introduced evidence as to the amount of accrued interest on the note, and rested.

The defendant then moved for a peremptory instruction to find for him, and saved an exception to the denial of the motion. He then introduced evidence tending to show the facts as between himself and the payee set forth in the first additional plea before abstracted, but offered no evidence of notice of such facts to any of the holders of the note subsequent to Delia Lee Merriman, or of any want of consideration for the several indorsements, or of the date when they were made. He called to the stand Charles H. Hamill, however, and by him proved that the indorsement "Pay to the order of C. H. Hamill, Mexico, April 25, 1904, Roque J. Rodriguez," was on the note at the time that he received it, shortly before the action was originally brought, and remained there until the amendment to the declaration was made on October 12, 1905, when Hamill himself drew the lines through it. The witness stated, after his examination by counsel for defendant was concluded, that he had never had any beneficial interest in the note, and that the indorsement to him had been for convenience in making collection.

The plaintiff and the defendant then each respectively asked the court for a peremptory instruction, and both mo-

Rodriguez v. Merriman.

tions being denied, each took an exception to the ruling of
the court.

The plaintiff's motion was for an instruction for a verdict
in his favor of $977.38, being the sum of the principal and
accrued interest on the note.

Plaintiff then introduced evidence tending to contradict
some of the testimony of the defendant, and at its conclusion
again moved that all the evidence offered on behalf of the
defendant be stricken out and the jury be instructed to find
a verdict for $977.38. This motion was again denied and
an exception saved.

No instructions were given to the jury. It is assigned
for error that a proper instruction was offered by the plaintiff
and refused consideration by the court, but this point is not
argued and must be considered waived. The instruction was
not considered by the court because not presented within the
time allowed by the rules.

The jury found a verdict for the defendant. The plain-
tiff moved for a new trial, but afterward, by leave of court,
withdrew said motion and moved the court to enter judgment
in favor of the plaintiff for the amount appearing to be due
on the note, *non obstante veredicto.* The court denied said
motion and plaintiff excepted. He then renewed his motion
to set aside the verdict and grant a new trial. To the de-
nial of this motion and of a subsequent motion in arrest of
judgment he excepted. The court then entered judgment
on the verdict over the objection and exception of the plain-
tiff. This writ of error is brought to reverse said judg-
ment.

In this court the plaintiff in error has assigned as errors
the admission of improper evidence for the defendant, the
rejection of proper evidence for the plaintiff, the refusal of
the instructions offered for the plaintiff to find the issues
for the plaintiff, the refusal to strike out all the evidence
for the defendant, the denial of the plaintiff's motion for
judgment *non obstante veredicto,* the denial of the motion
for a new trial, the denial of the motion in arrest of judg-

ment, and the entry of a judgment in favor of the defendant and against the plaintiff.

ROSENTHAL & HAMILL and CHARLES H. PEASE, for plaintiff in error.

WILLIS SMITH and HENRY L. WALLACE, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

If we could pass over the questions of pleading and practice involved in this cause, there would be no difficulty in it. Upon the merits, as far as the record shows them, there could have been nothing said, if the pleadings had been artificial, as against the right of the plaintiff to a judgment.

The plaintiff was a third indorsee. The first two indorsements were without date. The presumption therefore is that the assignments evidenced by them were made before maturity of the note and on consideration, and without notice of defense. Indeed the presumption is that they were made on the date of the execution and delivery of the note by the maker. Daniel on Negotiable Instruments, section 83; Benjamin's Chalmer's Digest, 2nd Ed., article 132; Dodd v. Doty, 98 Ill., 393; Pettis v. Westlake, 3 Scammon, 535; Mobley v. Ryan, 14 Ill., 51; White v. Weaver, 41 Ill., 409; Smith v. Nevlin, 89 Ill., 193; Grier v. Cable, 45 Ill. App., 405.

The presumption is one that can be rebutted by evidence of course, but in this case there was no evidence offered tending to contradict it.

The presumption uncontradicted, having placed D. G. Lee and Bohan in the position of innocent holders for value before maturity, it follows (and indeed would have followed if but one of them had been such a holder) that the subsequent indorsee has the same rights, even if he came into the ownership of the note after maturity, or without consideration, or with notice of defenses available against the payee,

or under all or any two of these conditions. Daniel on Negotiable Instruments, section 803–(1); Benjamin's Chalmer's Digest, 2nd Ed., article 87; Scotland Co. v. Hill, 132 U. S., 117; Woodworth v. Huntoon, 40 Ill., 131; Burton v. Perry, 146 Ill., 71–119; Mann v. Merchants L. & T. Co., 100 Ill. App., 224; Wilcox v. Tetherington, 103 Ill. App., 404.

It is claimed by defendant in error, however, that the evidence showed that the title to the note on May 26, 1904, when the suit was brought, was in Charles H. Hamill and not in the plaintiff, and that this was sufficient to make a judgment in favor of plaintiff against the law and the evidence.

Mr. Hamill, who was the attorney for the plaintiff in this action, testified that he never had any beneficial interest in this note, that the indorsement of the plaintiff to him was solely for convenience in making collection, and that although the indorsement was upon the note when he received it, he had cancelled it (as attorney for the plaintiff) before offering it in evidence.

Under this state of things we see no force in the appellee's argument. Any holder of a note, although he may have written on it an indorsement or an assignment of it, may maintain an action in his own name, and strike out the indorsement before offering the note in evidence. Brinkley v. Going, Breese, 336; Kyle v. Thompson, 3 Ill., 432; Porter v. Cushman, 19 Ill., 572. Best v. Nokomis National Bank, 76 Ill., 608, cannot in this respect be distinguished in principle from the case at bar, and the language used by the court is entirely applicable here. "Appellant makes the point that the plaintiff was not the legal holder of the drafts, nor had it any interest therein, that the indorsement to R. A. Betts, cashier, transferred the legal interest to him. The answer to this is, the record does not show any indorsement of the bills when they were offered in evidence. This court held, in Brinkley v. Going, Breese, 366, that a payee of a note, although he may have written an assignment on the back of it, can maintain an action thereon in his own name.

The indorsement is in the power and control of the payee, and he may strike it out or not, as he thinks proper, and the possession of the note by the payee is, unless the contrary appears, evidence that he is the *bona fide* holder of it.    And the same doctrine is held in Parks v. Brown, 16 Ill., 454. *But the indorsements, if on the bills, are shown to have been for collection merely, and for no other purpose, and did not transfer the title."*

Whatever the plaintiff might have done with his own hand in this regard in this case, he could do through his agent and duly authorized attorney, either at law or in fact. Mr. Hamill was his agent and attorney at law.

It is, however, insisted that as this note was dated July 1, 1894, it was subject to the defense of the Statute of Limitations after July 1, 1904; that the present suit, or at least the rights of the appellant therein, began when the amendment was made, October 12, 1905, which substituted him for Charles H. Hamill as party plaintiff.

It is true that the defense of the statute might have been made to any suit begun ten years after the date of the note, the statute in the case of demand paper of this character beginning to run on its date.    But this suit, under our Practice Act, and the decisions of the Supreme Court thereon, cannot be considered as having been commenced at any later date than May 26, 1904, notwithstanding the amendment on October 12, 1905.    The cases cited by appellant to this point are conclusive.    Rev. Statutes, chapter 110, section 23; McCall v. Lee, 120 Ill., 261; Thomas v. Fame Ins. Co., 108 Ill., 91.

. Under these circumstances the production of the note in evidence made a case for the plaintiff, which certainly would under artificial pleadings have entitled him to a judgment against any evidence which was adduced in behalf of the defendant.    That evidence only tended to prove a defense against the original payee of the note, Delia Lee Merriman, not against the plaintiff.

Defendant in error, however, contends that under the pleadings as they exist, he is entitled to the judgment.    He

says that whether or not the special pleas filed by him were good, they were replied to, and that the replications tendered issues only on these matters of defense between maker and payee. The first five of the additional pleas alleged that "the plaintiff was not an innocent purchaser of the note sued on for value without notice," and followed this allegation with matter of defense which would be good except as against such innocent purchaser, or one who stood in his shoes and with his rights. The second five additional pleas were the same, except that an allegation that the note was assigned to the plaintiff after maturity, took the place of the allegation that the plaintiff was not an innocent purchaser for value. To these pleas the plaintiff, who now alleges that they were demurrable and present no defense, replied, traversing in each case the matter of defense which would have been good against the payee, and taking no notice of the allegations, which were evidently intended to place the plaintiff in the position of the payee in that regard.

This certainly was very inartificial pleading. If, as plaintiff now claims, these ten pleas set forth no defense against the plaintiff, they should have been demurred to; if it was, on the other hand, supposed that the allegations in the first five of them, that the plaintiff was not an innocent purchaser for value without notice, could be, by any intendment made to imply the allegation that he did not stand in the shoes of such a purchaser, and the allegation in the second five, that the note was assigned to the plaintiff after the same became due, be stretched to cover an implication that the plaintiff was not a taker from an assignee before maturity, then the plaintiff should have obtained leave to reply double (in case he wished to deny the matter of defense against the payee) and have traversed these allegations.

The defendant had also pleaded the general issue and the Statute of Limitations, and says that assuming all the other pleas to be bad, there was a general verdict which should be supported on the ground of the good pleas. This is an unsound position, for, as we have shown, there was no evidence offered which could support these pleas against the case

made by the plaintiff under the special count of the declaration. If, therefore, the special pleas four to thirteen, be eliminated from the case as setting forth no defense and immaterial in the controversy, it is plain that a new trial should have been granted by the trial judge after the verdict. This was the position taken and clearly expounded by Judge Scates in Hitchcock v. Haight, 2 Gilman, 604.

It seems to us the proper one to take in this case. But it is not altogether free from doubt. The rules of common law pleading, exactly the converse in this regard of the rules of equity pleading, say that everything in a pleading not specifically denied is admitted. If, therefore, the allegations concerning the character of the plaintiff's holding could be made by intendment to mean what they were evidently intended to mean, the plaintiff would be in the position of having admitted and thereby waived proof of everything necessary to a defense except that which the evidence for the defendant tended to prove, and which the jury had a right to pass on.

The issues on the replications which the jury, by their general verdict, found for the defendant, would then not be immaterial, but conclusive. After consideration and investigation, however, we are of the opinion that these issues are immaterial, because of the insufficiency of the allegations of the pleas as to the character of plaintiff's holding. The declaration specifically set forth the indorsement by Delia Lee Merriman to Daniel G. Lee and by Daniel G. Lee to Daniel J. Bohan, and by Daniel J. Bohan to the plaintiff, and in each case averred that the indorsement was before maturity and for a valuable consideration. We think that these allegations as to the indorsement to Daniel G. Lee and to Daniel J. Bohan were not met by the averments of the pleas before described, that "the *plaintiff* was not an innocent purchaser for value and without notice of the defenses of the defendant to the note," and still less, if possible, by the averments that "the said promissory note was assigned *to the plaintiff* after the same became due." That D. G. Lee and Bohan were holders for value before maturity stands, therefore, admitted

by the pleadings.  Presumption adds to this that they took the paper without notice of defense.  The consequence is that it did not matter whether the plaintiff took the paper without notice, for value, or before maturity or not.  Even had issues been made on this part of the defendant's special pleas, they would have been immaterial.  Equally immaterial were the issues which were actually made by the replications.

The conclusion of the court in Hitchcock v. Haight, *supra,* is ours in this case—not that there was error in refusing a judgment *non obstante veredicto* which should result in our entering such a judgment here (which entry indeed we doubt our right to make under the doctrine of City of Spring Valley v. Coal Co., 173 Ill., 497), but that a new trial should have been granted because the good pleas were not sustained by any evidence, and the pleas which were sustained by evidence were immaterial.  This error is sufficiently assigned.

The point that the withdrawal of the motion for a new trial in order to interpose the motion for a judgment *non obstante veredicto,* prevented its second interposition, is not well taken.

We think, moreover, this is a proper case for the court below in furtherance of justice, if a motion is made by either party to that effect, to order a repleader beginning with the pleas to the declaration.  The same result would be effected by granting leave to amend the pleadings.  *Ex parte* Pearce, 80 Ala., 195.

The judgment of the Superior Court is reversed and the cause remanded for proceedings not inconsistent with this opinion, and a new trial.

*Reversed and remanded.*