ROMÁN, PLAINTIFF AND APPELLANT, v. MARTÍNEZ, DEFENDANT
AND APPELLEE.

APPEAL from the District Court of Arecibo in an Action of
Debt.

No. 1663.—Decided July 24, 1917.

DEBT—PROMISSORY NOTE—NEGOTIABLE INSTRUMENT—INDORSEMENT—PAYMENTS
BEFORE MATURITY.—When a promissory note payable to order is endorsed
for value received to the plaintiff, who is a holder in good faith, without
knowledge of any payments made by the debtor to the original creditor
before it fell due, said holder is entitled to recover the total amount of
the note together with the stiuplated interest; for, being payable to order,
the note is negotiable by endorsement and there is no need to notify the
debtor of the transfer. The fact that the debtor stated at the foot of the
note that it was payable to order is immaterial.

ID.—ID.—COMMERCIAL CREDITS.—By making a note payable to order it becomes
negotiable and no notice of transfers or endorsements need be given to the
debtor, this formality being required only when commercial credits are not
negotiable nor payable to bearer, as provided by article 347 of the Code of
Commerce.

ID.—ID.—COMMERCIAL TRANSACTION—GOOD FAITH.—As a promissory note made
to order and containing the requisites enumerated in article 531 of the Code
of Commerce is deemed a commercial transaction, the provisions of said
code and not those of the Civil Code are applicable under the first clause
of article 2 of the Code of Commerce, even though it is shown that the note
did not originate in a commercial transaction; for such showing, although
good between the parties to an instrument to overcome the presumption
that the promissory note is commercial, cannot be deduced against a per-
son who in good faith purchases the note which by its terms is commercial.

ID.—ID.—PAYMENTS TO ORIGINAL HOLDER.—A person who signs a negotiable
note has no right to assume that it has not been endorsed or transferred
and that payments made by the debtor to the original holder before the
note matures will destroy the rights of a purchaser in good faith. It is
the duty of a person making payments on a negotiable note before it falls
due to take precautions to prevent its circulation, and if he pay one who
is not the owner of the note at the time of such payment, merely taking
a receipt therefor, he will not be protected against the real owner of the
note even should he make such payment before the note is transferred,
because the note continues in full force as security for the debt and he
allows it to remain in such shape that it can be circulated and acquired
in good faith for the whole amount of the debt.

ID.—ID.—PARTIAL PAYMENTS.—Partial payments made on a note should be shown
on the note itself so that a person acquiring it may know the amount to
which it is reduced.

ID.—ID.—DEFENSE OF PAYMENT.—It is not unfair to reject a defense that pay-
ment on a note to order which has been indorsed was made before its ma-
turity, for although the creditor might possibly transfer the instrument in

connivance with another person so that the latter could recover the amounts already paid, it is also true that the debtor might connive with the creditor to simulate payments which have never been made.

The facts are stated in the opinion.

*Messrs. E. Agrait Aldea* and *Herminio Miranda* for the appellant.

The appellee did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

On February 8, 1913, Remigio Martínez signed a note to the order of Benito Machado for $3,000, which he acknowledged having received and promised to pay on February 10, 1915, with interest at 12 per cent, payable monthly. It was set out in the note that the obligation might be renewed upon maturity if both parties agreed.

Before the maturity of the note the maker, Remigio Martínez, paid his creditor, Benito Machado, the following amounts on account thereof: One hundred and twelve dollars on October 18, 1913, $910 on May 9, 1914, $180 on November 7, 1914, and $1,105 on March 2, 1915, or a total of $2,307. Receipts were given for these amounts, but they were not endorsed on the note.

The note having matured, Manuel Román brought an action against Remigio Martínez on April 19, 1915, to recover the full amount of the note, $3,000, and the interest, alleging that Machado had endorsed the note to him on December 31, 1914. The defendant pleaded that he had made the said payments to Machado, reducing his indebtedness to $693, and that the plaintiff had conspired with his creditor, Machado, to defraud him of the $2,307 which he had paid on account of said obligation. The case went to trial and the lower court rendered judgment against the defendant for only $693 and interest thereon at 1 per cent a month, as agreed upon. From that judgment the plaintiff took the present appeal, alleging as grounds therefor that the trial court erred in not giving judgment for the plaintiff for the full amount claimed with interest, disregarding the rights of

plaintiff Román as the assignee of a promissory note payable to order and endorsed in good faith for value received prior to its maturity.

At the trial the plaintiff exhibited the promissory note with the endorsement thereon dated December 31, 1914, and as witness for the defendant testified that the note was endorsed to him on the said date, he having purchased the same from Benito Machado for the sum of $2,700, paying him $2,500 in cash and canceling a debt of $200 which Machado owed him. He also testified that when he purchased the note he was not aware that the debtor had made any payments on account of the obligation and that the defendant had paid him nothing.

We believe that this testimony is sufficient to prove these facts inasmuch as it is not contradicted and there is nothing in the rest of the evidence to impugn its credibility although the endorser of the note did not testify.

The defendant's defense regarding a conspiracy between the plaintiff and his endorser to defraud him of the $2,307 which he had paid was not proved, and the trial judge so holds in the opinion on which his judgment is based.

Therefore the plaintiff being a bona fide holder of the note by purchase before its maturity and having no knowledge of the payments made by his debtor to the original creditor before the obligation was due, has the plaintiff the right to recover the whole amount of the note with the interest stipulated? Such is the question raised by the appellant and to be decided by this court.

The note on which the action is brought is made payable to the order of Benito Machado. The fact that the maker stated at the foot of the note that it was payable to order is immaterial. Being payable to order, the said note is negotiable by endorsement and it is not necessary to give the maker notice of the transfer. According to article 2 of the Code of Commerce, commercial transactions shall be considered those enumerated in this code and any others of a

similar character. Article 531 sets out the necessary elements of drafts, bills and promissory notes payable to order, which elements are to be found in the promissory note now under consideration. Article 532 provides that drafts payable to order between merchants and bills or promissory notes likewise payable to order, which arise from commercial transactions, shall produce the same obligations and effects as bills of exchange, except with regard to acceptance, which is a quality pertaining to the latter only; and article 490 prescribes that a person paying a bill of exchange before it is due shall not be exempted from paying the amount of the same if the first payment was not made to the proper person.

In the case of *Vázquez* v. *Laíno,* 23 P. R. R. 218, we said that a promissory note payable to order is presumed to be a commercial instrument arising from commercial transactions in the absence of proof to the contrary; and in the case of *Hernández* v. *Muñiz,* 10 P. R. R. 16, this court held that a promissory note payable to order is a mercantile paper governed by the provisions of the Code of Commerce, and referred to the decision of the Supreme Court of Spain of January 25, 1895, holding that promissory notes payable to order and endorsements made thereon should be considered as commercial instruments in accordance with article 2 of the Code of Commerce, as they are expressly defined in the said code.

When a promissory note is made payable to order it is negotiable and no notice of its endorsement or transfer need be given to the debtor because such notice is required only in cases of commercial credits which are not negotiable nor payable to the bearer, according to article 347 of the Code of Commerce.

The promissory note in this case being considered a commercial instrument because it is made payable to order and contains the requisites set forth in article 531, a fact which is not disputed, the provisions of the Code of Commerce are

applicable, according. to article 2 thereof, and not the provisions of the Civil Code as was erroneously held by the lower court, although it should be shown that the obligation did not arise from a commercial transaction; but this was not shown in the present case, nor that Benito Machado was not a merchant, for such evidence, while proper between the parties to the note for the purpose of destroying the presumption that it is a commercial note, has no force against a person who in good faith purchases a note which is commercial by its terms.

It is true that the defendant exhibited receipts for several payments made to Benito Machado, his original creditor, before the note matured, but they were admitted in evidence over the objection of the plaintiff. The debtor could not prove by such receipts, as against a holder of the note in good faith, that his debt had been reduced to $693. His obligation was to .pay $3,000 on February 10, 1915, and as he had no right or obligation to pay the same before that date, the bona fide purchaser of the note was justified in believing that the debt had not been paid in whole or in part. A person who signs a negotiable promissory note has no right to assume that it has not been endorsed or assigned, and in making payments on the note to the original payee before it matures he would defeat the rights of a purchaser in good faith. It is the duty of one who makes payments on a negotiable instrument before its maturity to take precautions to prevent its circulation, and if. he pays one who is not the owner of the note at the time of payment and merely takes a receipt for such payment, he will not be protected against the rightful holder; nor will he be protected even should he make such payment before the transfer, for the instrument will still be a valid evidence of the whole debt and remain in a condition to be circulated and acquired by a bona fide purchaser at its face value. Partial payments on a note should be endorsed on the instrument itself so that a person purchasing it may know to what extent it has been reduced.

In the case of *Mobley* v. *Ryan*, 14 Ill. 51, 56 Am. Dec. 490, it was said:

"The assignee is not affected by àny subsequent transactions between the original parties to the instrument. He is not bound to give the maker notice of the assignment. The latter must ascertain who is the holder of the note, and make payment accordingly. He can fully protect himself against a demand of payment from the payee, by refusing to pay unless the note is surrendered. If the defendant had pursued such a course, no ·difficulty would have arisen. The payment in question was made in his own wrong, and he must abide the consequences of his negligence."

In the note to this case the case of *Harrison* v. *Edwards*, 36 Am. Dec. 364, is cited.

It is not unfair, although it may appear so, to overrule the defense of payments made before maturity; for, while the creditor in collusion with another may assign the instrument in order that the assignee may claim the amount already paid—which has not been proved in the present case—the debtor may conspire also with the creditor to simulate payments which have not been made. If the debtor is obliged to pay again what he has already paid, it is because he did not cause the payments to be endorsed on the instrument which, being a commercial paper, is passed from hand to hand at its face value, and because he confided in the honesty and responsibility of the creditor to whom the payments were made.

The judgment appealed from should be reversed and another rendered requiring the defendant to pay the $3,000 for which his promissory note was made, together with interest at 1 per cent a month from December 31, 1914, as agreed on, without special imposition of costs.

*Reversed and substituted.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.